[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE #113
On May 19, 1998, the plaintiff, Sheryl Fritz, administratrix of the estate of John Fritz, filed a four count revised complaint against the defendant, Veterans Memorial Medical Center.
The plaintiff, as administratrix, alleges in count one that the defendant violated the decedent's rights under General Statutes §§ 17a-541 and 17a-542, resulting in the decedent's death by suicide. The plaintiff, individually, alleges loss of consortium in count two. In count three the plaintiff alleges that negligence caused the decedent's injuries including death. Count four alleges loss of consortium.
On June 4, 1998, the defendant filed a motion to strike counts one and two of the plaintiff's revised complaint, together with a supporting memorandum. The defendant moves to strike count one or: the ground that the plaintiff seeks damages beyond the scope of the exclusive remedy for wrongful death as provided by General Statutes § 52-555. The defendant moves to strike count two on the ground that it is derivative of the claim in count one.
On July 20, 1998, the plaintiff filed an objection to the CT Page 13208 defendant's motion to strike, arguing that she complied with Connecticut's rules of practice by pleading statutory claims of negligence and, in the alternative, a common law claim of negligence. The plaintiff further argues that she is not seeking double damages.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . ." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26,676 A.2d 357 (1996).
 Count One
"Recently . . . this court reiterated the one hundred and thirty-one year adherence by the courts of this state to the almost unanimously held principle of law . . . that there is no civil right of action at common law for damages resulting from the death of a human being. . ." (Citations omitted.) Ecker v.West Hartford, 205 Conn. 219, 226, 530 A.2d 1056 (1987). "On the basis of [a] long line of Connecticut cases . . . we hold that no action for wrongful death existed at common law or exists today in Connecticut except as otherwise provided by the legislature."Id., 231. "The wrongful death statute; General Statutes § 52-555; is the sole basis upon which an action that includes as an element of damages a person's death or its consequences can be brought. At common law, the death of the injured person, whether contemporaneous with the wrongful act or not, terminated liability of the wrongdoer because the right to enforce it ended with the death. . . Death and its direct consequences can constitute recoverable elements of damages only if, and to the extent that, they are made so by statute. . ." (Citation omitted.) Lynn v. Haybuster Mfg., Inc., 226 Conn. 282,295, 627 A.2d 1288 (1993).
In count one, the plaintiff alleges that the decedent's injuries, including death, were caused as a result of the negligence and carelessness of the defendant and by the defendant's violation of §§ 17a-541 and 17a-542. CT Page 13209
"The decedent's statutory right of action under General Statutes § 17-206k [now § 17a-550] survives his death by virtue of General Statutes § 52-599 (a), which provides in pertinent part: [a] cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." (Internal quotation marks omitted.) Mahoney v. Lensink,213 Conn. 548, 550 n. 2, 569 A.2d 518 (1990).
In Mahoney, however, the issue was not whether a plaintiff could maintain both a statutory cause of action for wrongful death and an action under General Statutes § 52-555. Rather, the Supreme Court interpreted the scope and availability of General Statutes § 17-206k (now § 17a-550), the statute addressing the civil rights of mentally ill persons.
"Because it is in derogation of the common law, an action for wrongful death is limited to matters clearly within its scope."Lynn v. Haybuster Mfg., Inc., supra, 226 Conn. 295. "In an action by the estate of the victim pursuant to § 52-555, of course, the damages suffered before his death are one of the elements of the just damages to be awarded and must be sought in that action rather than in a separate suit under the survival-of-actions statute. . . There cannot be a recovery of damages for death itself under the wrongful death statute in one action and recovery of antemortem damages, flowing from the same tort, in another action brought under § 52-599. . ." (Citations omitted; internal quotation marks omitted.) Ladd v. DouglasTrucking Co., 203 Conn. 187, 190-91, 523 A.2d 1301 (1987). In the present case, the plaintiff seeks recovery for antemortem damages due to the violation of the patients' bill of rights under count one and for wrongful death due to negligence under count three. Both counts allege death as a basis for recovery. This case is analogous to Morgan v. Tolland County Health Care. Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 469204 (February 9, 1996, Handy, J.) (16 CONN. L. RPTR. 294).
In the Morgan case, the plaintiff alleged, inter alia, medical malpractice in count one, negligence in count two, and a violation of the patients' bill of rights under § 19a-550 in count three. All three counts alleged death as an element of damages. The defendant moved to strike counts one and three on the ground that General Statutes § 52-555 was the sole right of action for a claim including death as an element of damages. CT Page 13210 The court granted the defendant's motion to strike based upon the case of Ladd v. Douglas Trucking Co. In the Ladd case, the court observed that under § 52-555 "the damages suffered before his death are one of the elements of the just damages to be awarded and must be sought in that action rather than in a separate suit under the survival-of-actions statute. . ." (Citation omitted; internal quotation marks omitted.) Ladd v. Douglas Trucking Co.,supra, 203 Conn. 190. The court, in Morgan, emphasized that "the wrongful death count is plaintiff's exclusive remedy." Morgan v.Tolland County Health Care. Inc., supra, 16 CONN. L. RPTR. 295. Although the plaintiff in Morgan brought her claim under § 19a-550[1], not § 17a-541 or § 17a-542, the analysis regarding the wrongful death claim is applicable to the present case. Therefore, the plaintiff's claim under count one must be brought in a single action pursuant to § 52-555. Therefore the court grants the defendant's motion to strike count one.
 Count Two
The defendant asserts that since the plaintiff's loss of consortium claim under count two is derivative of the legally insufficient claim under count one, then count two must also be stricken. In opposition, the plaintiff argues that since count one is legally sufficient then count two as a derivative claim should also survive the defendant's motion to strike.
"[A] consortium action is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse has been terminated by settlement or by an adverse judgment on the merits. . ." Hopsonv. St. Mary's Hospital, 176 Conn. 485, 494, 408 A.2d 260 (1979). In accordance with Hopson, trial courts have stricken a derivative loss of consortium claim when the underlying claim was found to be legally insufficient. See Sowa v. Cumberland Farms,Inc., Superior Court, judicial district of New London at Norwich, Docket No. 112912 (April 22, 1998, Martin, J.); Menard v.People's Bank, Superior Court, judicial district of New London at New London, Docket No. 544627 21 CONN. L. RPTR. 597 (April 6, 1998, Koletsky, J.). Therefore, the court grants the defendant's motion to strike count two.
John Moran, Judge